IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGELA CARRICO, Individually                    :       CIVIL ACTION
and as Administrator of                          :
the Estate of David Dehmann,                     :       CASE NO.:
25 Belmont Avenue                                :
Mount Vernon, OH 43050,                          :       JUDGE:
                                                 :
          Plaintiff,                             :
                                                 :       **COMPLAINT WITH DEMAND**
                                                 :       **FOR JURY TRIAL**
v.                                               :
                                                 :
KNOX COUNTY SHERIFF'S OFFICE                     :
c/o Knox County Commissioners                    :
117 East High Street, Suite 161                  :
Mt. Vernon, OH 43050,                            :
                                                 :
and                                              :
                                                 :
DAVID SHAFFER                                    :
Knox County Sheriff                              :
11540 Upper Gilchrist Road                       :
Mount Vernon, OH 43050,                          :
                                                 :
and                                              :
                                                 :
KNOX COUNTY OHIO                                 :
c/o Knox County Commissioners                    :
117 East High Street, Suite 161                  :
Mt. Vernon, OH 43050,                            :
                                                 :
and                                              :
                                                 :
MOUNT VERNON POLICE                              :
DEPARTMENT                                       :
5 North Gay Street                               :
Mount Vernon, Ohio  43050,                       :
                                                 :
and                                              :

CITY OF MOUNT VERNON, OHIO    :
40 Public Square, Suite 206    :
Mount Vernon, Ohio 43050-3241    :
    :
and    :
    :
ROGER A. MONROE    :
Mount Vernon Police Chief    :
5 North Gay Street    :
Mount Vernon, Ohio  43050,    :
    :
and    :
    :
CHASE L. WRIGHT    :
206 Harrison Street    :
Mount Vernon, Ohio  43050,    :
    :
and    :
    :
ALAN HACKMAN    :
300 Spruce Street    :
Mount Vernon, OH 43050,    :
    :
and    :
    :
TERRY WOLFE    :
3730 Grove Church Road    :
Gambier, OH 43022,    :
    :
and    :
    :
BRIANNA COPLEY    :
15 E. Mound Street    :
Fredericktown, OH 43019,    :
    :
and    :
    :
TRAVIS THARP    :
14279 Beckley Road    :
Mount Vernon, Ohio  43050,    :
    :
        Defendants.    :

2

## PRELIMINARY STATEMENT

On or about April 21, 2015 Plaintiff's decedent, David Dehmann, was taken into custody by Mt. Vernon police officer, Defendant Tharp. David Dehmann had committed no serious crime or felony, but rather was taken into custody for "disorderly conduct," specifically for being publically intoxicated and allegedly posing a risk of harm to himself. Defendant Tharp transported Mr. Dehmann to the Knox County Jail. During transport David Dehmann became upset that Defendant Tharp was taking him to jail rather than home. Defendant Tharp radioed ahead to the jail to advise that he may need assistance as Mr. Dehmann became increasingly upset. Once at the Jail, Dehmann was visibly and appreciably under the influence of alcohol and had difficulty maintaining his balance without assistance. At least five (5) law enforcement officers from the Knox County Sheriff's Office and the Mount Vernon Police Department were present and available to assist in the physical control of Plaintiff's decedent. Mr. Dehmann's initial booking went forward without incident. Defendant Thorpe removed handcuffs from Mr. Dehmann's wrists and Dehmann was frisked and signed into the jail. It was at that point that Dehmann was to be taken to his holding cell. However, instead of assisting him, David Dehmann was left to stagger unassisted and uncuffed from the processing hall to a holding cell. During the course of this transfer of locations, Mr. Dehmann pointed his finger at Defendant Wright. At that time, Defendant Wright chose to escalate this interaction with Dehmann by striking Dehmann's hand and verbally provoking Mr. Dehmann. The much smaller and intoxicated Dehmann then stopped staggering toward the holding cell and turned to face Defendant Wright. Mr. Dehmann then moved his right hand towards Defendant Wright. It was then that Defendant

3

Wright picked Mr. Dehmann completely up off the ground and body slammed him head first to the concrete floor below severely injuring Mr. Dehmann. Defendant Wright used overly aggressive, violent, objectively unreasonable and ultimately, deadly force. The damage to Mr. Dehmann's brain as a result of the slamming of his head on the concrete floor caused his death. After the initial injury Defendants Wright, Hackman, Wolfe, Copley and Tharp allowed an unreasonable period of time, at least 4 minutes, to transpire without requesting emergency medical personnel to respond to the scene of the incident and render necessary medical aid to Mr. Dehmann despite recognizing he had suffered a serious injury that required medical treatment.

This civil rights and wrongful death action seeks money damages arising against all of the named Defendants for committing acts, under the color of law, which deprived David Dehmann of rights secured under the Constitution and laws of the United States, and for refusing or neglecting to prevent such deprivations and denials to Mr. Dehmann.

Plaintiff alleges Defendant Chase Wright unlawfully used excessive force, and caused the death of Plaintiff's decedent, David Dehmann, in violation of his constitutional rights. Plaintiff also alleges Defendants, and other individuals conspired to violate the constitutional rights of Plaintiff's decedent. Plaintiff further alleges that the City of Mount Vernon, Ohio and the Mount Vernon Police Department are liable for Plaintiff's damages because the City of Mount Vernon, Ohio and the Mount Vernon Police Department failed to instruct, supervise, control and/or discipline its employees, on a continuing basis and said failure was a result of official policy, or the custom in the City of Mount Vernon and that the policymakers of the City of Mount Vernon and the Mount Vernon Police Department were deliberately indifferent to the rights of the

4

inhabitants of the City of Mount Vernon, Ohio and Knox County, Ohio, and that said conduct caused the deprivation of Plaintiff's decedent's rights secured under the United States Constitution, the laws of the United States, and the laws of the state of Ohio.

Plaintiff further alleges that the Knox County Sheriff's Office and the County of Knox Ohio are liable for Plaintiff's damages because the Knox County Sheriff's Office and the County of Knox Ohio failed to instruct, supervise, control and/or discipline its employees, on a continuing basis and said failure was a result of official policy, or the custom at the Knox County Sheriff's Office and the Knox County, Ohio and that the policymakers of the Knox County Sheriff's Office and the Knox County, Ohio were deliberately indifferent to the rights of the citizens and inhabitants of Knox County and the City of Mount Vernon, Ohio, including Plaintiff's decedent, and that said conduct caused the deprivation of Plaintiff's decedent's rights secured under the United States Constitution, the laws of the United States, and the laws of the state of Ohio. Plaintiff further alleges that the Defendants City of Mount Vernon, Ohio, Mount Vernon Police Department, Knox County Sheriff's Department and Knox County, Ohio are liable for the violation of Mr. Dehmann's constitutional rights by virtue of ratification of those violations by Defendants Roger A. Moore and David Shaffer.

Plaintiff further alleges that the individually named employees of the Knox County Sheriff's Department and Mount Vernon Police Department violated Mr. Dehmann's constitutional rights when they failed to intervene to intercede on behalf of Mr. Dehmann to prevent the violation of rights by Defendant Chase L. Wright and for their own deliberate indifference to Mr. Dehmann's need for medical attention.

5

## JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction over this action pursuant to 42 U.S.C. §1983, 28 U.S.C. §1343 and 28 U.S.C. §1331.

2.     This Court has supplemental jurisdiction over Plaintiff's state claims under the Ohio Act pursuant to 28 U.S.C. §1367.

3.     Venue in this Court is proper pursuant to 28 U.S.C. §1391.

## PARTIES

1.     David Dehmann (hereafter "Plaintiff's Decedent") was a citizen and resident of Knox County and the City of Mount Vernon, Ohio.

2.     Angela Carrico is the Administrator of the Estate of David Dehmann and the mother and next of kin of David Dehmann (hereafter "Plaintiff").

3.     At all times relevant to this Complaint, Defendant Knox County Sheriff's Office (hereafter "Defendant Sheriff's Office") was the employer of Defendant Chase L. Wright and was responsible for implementing policies and procedures for its employees and to provide training to protect the rights and welfare of the citizens of Mount Vernon, Ohio and Knox County, Ohio. In this cause, the Defendant Sheriff's Office acted through its agents, employees, and servants who are or were the policymakers for the Defendant Sheriff's Office, Defendant Mount Vernon Police Department, Defendant City of Mount Vernon and for the conduct of the police officers employed by the Department through Defendants Knox County, Sheriff Office, Mount Vernon Police Department, and City of Mount Vernon.

6

4.     At all times relevant to this Complaint Defendant Knox County Ohio (hereafter "Defendant County") was as political subdivision, organized and existing under the laws of the State of Ohio. In this cause, Defendant County acted through its agents, employees, and servants who was or were the policymakers for the Defendant Sheriff's Office and for the conduct of the deputies and officers employed by the Defendant Sheriff's Office through Defendants County and Sheriff's Office.

5.     At all times relevant to this Complaint Defendant Chase L. Wright (hereafter "Defendant Wright") was a Deputy Sheriff employed by Defendants Sheriff's Office and County, and was acting in such capacity as an agent, servant and employee Defendants Sheriff's Office and County, and was acting at the direction of or under the control of the Defendants Sheriff's Office and County, and was acting pursuant to official policy, or the customs, practice and usage of Defendants Sheriff's Office and County.

6.     At all times relevant to this Complaint Defendant Alan Hackman (hereafter "Defendant Hackman") was a Deputy Sheriff employed by Defendants Sheriff's Office and County, and was acting in such capacity as an agent, servant and employee Defendants Sheriff's Office and County, and was acting at the direction of or under the control of the Defendants Sheriff's Office and County, and was acting pursuant to official policy, or the custom, practice and usage of Defendants Sheriff's Office and County.

7.     At all times relevant to this Complaint Defendant Terry Wolfe (hereafter "Defendant Wolfe") was a Deputy Sheriff employed by Defendants Sheriff's Office and County, and was acting in such capacity as an agent, servant and employee Defendants Sheriff's Office and County, and was acting at the direction of or under the

7

control of the Defendants Sheriff's Office and County, and was acting pursuant to official policy, or the customs, practice and usage of Defendants Sheriff's Office and County.

8.    At all times relevant to this Complaint Defendant Brianna Copley (hereafter "Defendant Copley") was a Deputy Sheriff employed by Defendants Sheriff's Office and County and was acting in such capacity as an agent, servant and employee Defendants Sheriff's Office and County, and was acting at the direction of or under the control of the Defendants Sheriff's Office and County, and was acting pursuant to official policy, or the customs, practice and usage of Defendants Sheriff's Office and County.

9.    At all times relevant to this Complaint Defendant David Shaffer (hereafter "Defendant Shaffer") was the Sheriff of Defendant Sheriff's Office and was acting in such capacity as an agent, servant and employee Defendants Sheriff's Office and County, and was acting at the direction of or under the control of the Defendants Sheriff's Office and County and was the policy maker with respect to the official policy, or the customs, practice and usage of Defendants Sheriff's Office and County.

10.    Defendant City of Mount Vernon, Ohio (hereinafter "Defendant City") is a municipal corporation, organized and existing under the laws of the State of Ohio.  In this cause, the City acted through its agents, employees, and servants who was or were the policymakers for the Mount Vernon Police Department and for the conduct of the police officers employed by the Defendant Mount Vernon Police Department through Defendants County and Sheriff's Office.

11.    At all times relevant to this Complaint, Defendant Mount Vernon Police Department (hereafter "Defendant Police Department") was the employer of Defendant Travis Tharp and was responsible for implementing policies and procedures for its

8

employees and to provide training to protect the rights and welfare of the citizens of

Mount Vernon, Ohio and Knox County, Ohio. In this cause, the Defendant Police

Department acted through its agents, employees, and servants who are or were the

policymakers for the Defendants Police Department and City and for the conduct of the

police officers employed by the Department through Defendants County, Sheriff Office,

County Police Department, and/or City.

      12.    At all times relevant to this Complaint, Defendant Travis Tharp (hereafter

"Defendant Tharp") was employed by Defendants Police Department and City and was

acting in such capacity as an agent, servant and employee Defendants Police

Department and City, and was acting at the direction of or under the control of the

Defendants Police Department and City and was acting pursuant to official policy, or the

custom, practice and usage of Defendants Police Department and City.

      13.    At all times relevant to this Complaint, Defendant Roger A. Moore

(hereafter "Defendant Moore") was employed as the Chief of Police by Defendants

Police Department and City, and was acting in such capacity as an agent, servant and

employee of Defendants Police Department and City, and was acting at the direction of

or under the control of the Defendants Police Department and City and was the policy

maker with respect to the official policies, or the customs, practices and usage of

Defendants Police Department and City.

      14.    Plaintiff brings the claims set forth herein against Defendants Wright,

Tharp, Wolfe, Copley and Hackman in both their individual and official capacities.

      15.    At all times referenced herein, Defendants Wright, Tharp, Wolfe, Copley

and Hackman acted under the color of the laws, statutes, ordinances, regulations,

9

policies, customs and usages of the State of Ohio, City of Mount Vernon, the City of Mount Vernon Police Department and pursuant to his authority as a police officer of said Department and City.

## FACTS COMMON TO ALL COUNTS

16. On or about April 21, 2015 Plaintiff's decedent, David Dehmann, was taken into custody by Defendant Tharp.

17. Plaintiff's decedent committed no felony, but rather was taken into custody for "disorderly conduct," specifically for being publically intoxicated and allegedly posing a risk of harm to himself.

18. Defendant Tharp transported Plaintiff's decedent to the Knox County Jail for temporary incarceration pending issuance of a warrant and/or warrants.

19. While in the custody of Defendants County Sheriff's Office, Plaintiff's decedent had a right to be free from unlawful conduct by other's acting under the color of law that would deprive him of the rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

20. At the time of the processing of Mr. Dehmann into the custody of the Knox County Jail, Mr. Dehmann was visibly and appreciably under the influence of alcohol.

21. At the time of the processing of Mr. Dehmann into the custody of the Knox County Jail, at least five (5) law enforcement officers from Defendant Sheriff's Office and/or the Defendant Police Department were present and available to assist in the physical control of Plaintiff's decedent.

10

22.     While processing Mr. Dehmann at the Jail, Defendant Thorpe removed handcuffs from Mr. Dehmann's wrists.

23.     While Mr. Dehmann was attempting to walk from the processing hall to a holding cell, unassisted by any officer, he engaged in interaction with two different Knox County Sheriff's Department deputies by pointing a finger at each of them.

24.     When Mr. Dehmann pointed his finger at Defendant Wright, Defendant Wright reacted by violently striking Mr. Dehmann's hand and verbally provoking him.

25.     Following said striking, Defendant Wright grabbed Mr. Dehmann, picked him up and slammed him to the ground in an overly aggressive, objectively unreasonable, and violent manner under the circumstances.

26.     As a result of said aggressive and objectively unreasonable force, Mr. Dehmann was caused to strike his head on the ground so violently that he suffered grievous bodily injury.

27.     Following Mr. Dehmann's injury Defendants Wright, Hackman, Wolfe, Copley and Tharp an unreasonable period of time to pass without requesting emergency medical personnel to respond to the scene of the incident and render necessary medical aid to Mr. Dehmann despite recognizing he had suffered a serious injury that required medical treatment.

28.     Mr. Dehmann later died as a direct and proximate result of said grievous bodily injury.

## COUNT ONE
## EXCESSIVE USE OF FORCE BY DEFENDANT
## CHASE WRIGHT COGNIZABLE UNDER
## 42 U.S.C. §1983

29.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 28 of this Complaint as if fully restated herein.

30.     On or about April 21, 2015, Defendant Wright, while on duty as a police officer in the employ of the Defendant Sheriff's Office and Defendant County, as aforedescribed, was present at the Knox County Jail 11540 Upper Gilchrist Road, Mount Vernon, Ohio 43050.

31.     As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of Plaintiff's decedent by Defendant Wright, committed under color of law and under Defendant Wright's individual authority as a Sheriff's deputy for Defendant County and Defendant Sheriff's Office, Plaintiff's decedent suffered grievous bodily harm and death and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

32.     As a direct and proximate result of the objectively unreasonable conduct of Defendant Wright as aforedescribed, Plaintiff's decedent suffered severe injury and death.

33.     The acts of Defendant Wright as aforedescribed were intentional, wanton, reckless, malicious and/or oppressive, thus entitling Plaintiff to an award of punitive damages against Defendant Wright in his individual capacity.

12

34.    If Plaintiff prevails, it is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## COUNT TWO
### Failure To Intercede On Plaintiff's
### Decedent's Behalf And Prevent The
### Violation of his Constitutional Rights by Defendants Tharpe, Wolfe, Copley and Hackman

35.    By this reference, Plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 34 of this Complaint as if fully restated herein.

36.    Plaintiff's decedent was transported to the Knox County Jail, accompanied by Defendant Tharp.

37.    Once at the Knox County Jail, Defendant Tharp removed the handcuffs from Plaintiff's decedent prior to asking him to walk from the booking hallway area where he entered the Knox County Jail Building to a holding cell nearby said hallway.

38.    Defendant Tharp failed to maintain control of Plaintiff's decedent and failed to escort him or assist him from the booking hallway area where he entered the Knox County Jail Building to a holding cell nearby said hallway.

39.    At no time between the hand striking maneuver and body slamming perpetrated by Defendant Wright or thereafter did Defendants Tharp, Wolfe, Copley or Hackman intercede to prevent the Defendant Wright from subjecting Plaintiff's decedent to the use of excessive force and unlawful and unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

13

40.     As a direct and proximate result of Defendants Tharp's, Hackman's, Wolfe's and/or Copley's deliberate and intentional failure to intercede on behalf of Plaintiff's decedent and prevent the violation of his constitutional rights as aforedescribed, committed under color of law and under his/her authority as an officer in the Mount Vernon Police Department and/or Know County Sherriff's Department, Plaintiff's decedent suffered grievous bodily harm and death and was deprived of his right to be secure in his person against unreasonable seizure of his person and excessive use of force, in violation of his Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

**COUNT THREE**
**Violation of Plaintiff's Decedent's Constitutional Rights by Defendants Wright, Tharp, Hackman, Wolfe and Copley by Deliberate Indifference to his Need for Medical Treatment**

41.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 40 of this Complaint as if fully restated herein.

42.     At the time of Mr. Dehmann's injury, Defendants Wright, Tharp, Hackman Wolfe and Copley became immediately aware that Mr. Dehmann had suffered a very serious injury.

43.     By failing to seek medical assistance for Mr. Dehmann, Defendants Wright, Tharp, Hackman, Wolfe and Copley disregarded a substantial risk of serious harm to Mr. Dehmann's health and safety that was known to them at the time.

14

44.　　This failure to act in the fact of obvious risk to Mr. Dehmann's health and safety by Defendants Wright, Tharp, Hackman, Wolfe and Copley violated the Fourteenth Amendment rights of Plaintiff's decedent.

## COUNT FOUR
### Ratification Claim Against Defendants Police Department and City

45.　　By this reference, Plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 44 of this Complaint as if fully restated herein.

46.　　Pursuant to Ohio Rev. Code Ann. § 737.12, Defendant Monroe, in his capacity as Chief of Police of Mount Vernon, Ohio, was the final municipal policymaker on behalf of Defendants Police Department and City.

47.　　Defendant Monroe approved an investigation into the conduct of the police officers involved in the subject incident.

48.　　Said investigation did not result in any disciplinary action against Defendant Tharp and was so inadequate as to constitute a ratification of their violations of the constitutional rights of Plaintiff's decedent.

## COUNT FIVE
### Ratification Claim Against Defendants Sheriff's Department and County

49.　　By this reference, Plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 48 of this Complaint as if fully restated herein.

15

50.    Pursuant to Ohio Rev. Code Ann. § 737.12, Defendant Shaffer, in his capacity as Sheriff of the Knox County Sheriff's Department, was the final municipal policymaker on behalf of Defendant County and/or Defendant Sheriff's Department.

51.    Defendant Shaffer approved an investigation into the conduct of the Sheriff's Deputies involved in the subject incident.

52.    Said investigation did not result in any disciplinary action against Defendants Wright, Hackman, Wolfe and Copley and was so inadequate as to constitute a ratification of their violations of the constitutional rights of Plaintiff's decedent.

**COUNT SIX**
**Negligent and Reckless Supervision by**
**Defendants City, Police Department, Sheriff's Office and County**

53.    By this reference, Plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 52 of this Complaint as if fully restated herein.

54.    At all relevant times herein, Defendant Wright was an employee of the Defendants Sheriff's Office and County, and as such, the Defendants Sheriff's Office and County are vicariously liable for his actions.

55.    At all relevant times herein, officials of Defendants Sheriff's Office and County were in charge and control of Defendant Sheriff's Office who were responsible for exercising policymaking authority.

56.    At all relevant times herein, the Defendants Sheriff's Office, County, City and Police Department were negligently, recklessly, and wantonly indifferent to the

16

safety and security of Plaintiff's decedent by failing to provide the proper supervision, training, security, policies and procedures, when they knew, in the exercise of ordinary care should have known that Defendant Wright posed unacceptable dangers to the persons incarcerated in Knox County Jail.

57.     Plaintiff further states that due to the negligent and reckless supervision and control on the part of Defendants Sheriff's Office, County, Police Department and/or City the aforementioned excessive force incident was facilitated, encouraged and/or allowed to occur.

58.     Defendants Sheriff's Office, County, Police Department and City knew or should have known that their negligent and reckless acts and omissions were substantially certain to result in severe physical and emotional injuries to Plaintiff's decedent and Plaintiff, but they nevertheless displayed a deliberate indifference to Plaintiff's decedent's rights and safety.

59.     As a direct and proximate of result of the negligent actions and omissions of the Defendants, David Dehmann was caused to suffer grievous injuries and death as previously stated herein.

**COUNT SEVEN**
**Punitive Damages**

60.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 59 of this Complaint as if fully restated herein.

61.     At all relevant times mentioned herein, Defendants Wright's, Tharp's, Hackman's, Wolfe's and Copley's conduct during the arrest and booking of Plaintiff's

17

decedent, represented a conscious disregard for the rights and safety of the Plaintiff's decedent and with knowledge that harm was substantially certain to occur therefrom.

62. At all relevant times mentioned herein, Defendants Wright, Tharp, Hackman, Wolfe and Copley acted in a willful and wanton manner which represented a conscious disregard for the rights and safety of Plaintiff's decedent and with knowledge that harm was substantially certain to occur therefrom.

63. As a direct and proximate result of the Defendants Wright's, Tharp's, Hackman's, Wolfe's and Copley's willful and wanton misconduct, the Plaintiff's decedent was caused to suffer debilitating and fatal and substantial losses and is entitled to punitive damages under Ohio law.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, compensatory damages, punitive damages, costs incurred in this action, reasonable attorney fees, prejudgment and postjudgment interest, and any such further relief this court may deem just and proper.

                                    */s/John P. O' Neil*
                                    JOHN P. O'NEIL (0067893)
                                    MATTHEW J. CARTY (0075002)
                                    KIMBERLY C. YOUNG (0085794)
                                    Elk & Elk Co., Ltd
                                    6105 Parkland Boulevard, Suite 200
                                    Mayfield Heights, Ohio 44124
                                    (440) 442-6677
                                    Fax: (440) 442-7944
                                    joneil@elkandelk.com
                                    mcarty@elkandelk.com
                                    kyoung@elkandelk.com
                                    *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues for which a jury trial is appropriate.

                                       */s/John P. O' Neil*
                                        JOHN P. O'NEIL
                                        MATTHEW J. CARTY
                                        KIMBERLY C. YOUNG
                                        *Counsel for Plaintiff*